```
 1  ERSKINE & TULLEY
    A PROFESSIONAL CORPORATION
 2  MICHAEL J. CARROLL (St. Bar #50246)
    220 Montgomery Street, Suite 600
 3  San Francisco, CA  94104
    Telephone:  (415) 392-5431
 4
    Attorneys for Plaintiffs
 5
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SIGN, PICTORIAL AND DISPLAY INDUSTRY WELFARE AND PENSION TRUST FUNDS; MIKE HARDEMAN, TRUSTEE,<br><br>　　　　　　Plaintiffs,<br><br>　　vs.<br><br>NATIONAL CONVENTION SERVICES, a corporation<br><br>　　　　　　Defendant. | NO. <u>C 07 2716 EMC</u><br><br><br><br><u>COMPLAINT</u> |

　　　　Plaintiffs complain of defendant and for a cause of action alleges that:

　　　　1.　Jurisdiction of this Court is founded upon Section 301(c)(1) of the National Labor Relations Act of 1947 [29 U.S.C. §185(a)] and Section 502 of the Employee Retirement Income Security Act of 1974, said Act being hereinafter referred to as "ERISA" (29 U.S.C. §1132), in that defendant has violated a collective bargaining agreement and certain Trust Agreements, thereby violating the provisions of ERISA and the provisions of the National Labor Relations Act of 1947.

1    2.   Plaintiffs BOARD OF TRUSTEES OF THE SIGN, PICTORIAL AND
2 DISPLAY INDUSTRY WELFARE FUND and SIGN, PICTORIAL AND DISPLAY INDUSTRY
3 PENSION FUND (hereinafter "TRUST FUNDS"), named in the caption, are
4 trustees of employee benefit plans within the meaning of §§3(1) and
5 (3) and §502(d)(1) of ERISA, 29 U.S.C. §1002(1) and (3) and
6 §1132(d)(1), and a multiemployer plan within the meaning of §§3(37)
7 and 515 of ERISA, 29 U.S.C. §§1002(37) and §1145.  MIKE HARDEMAN is
8 a Trustee.  Said Trust Funds are authorized to maintain suit as
9 independent legal entities under §502(d)(1) of ERISA, 29 U.S.C.
10 §1132(d)(1) and said TRUST FUNDS bring this action of on behalf of
11 fiduciaries, participants and beneficiaries.  Said Trust Funds are
12 administered in the City and County of San Francisco, where
13 performance of the obligations set forth herein is due.
14    3.   Plaintiffs are informed and believe and thereupon
15 allege that defendant, NATIONAL CONVENTION SERVICES, is found and does
16 business in New York.  Performance of the obligations set forth herein
17 is to occur in this judicial district.
18    4.   Each and every defendant herein is the agent of each
19 and every other defendant herein.  Defendants and each of them are
20 engaged in commerce or in an industry affecting commerce.
21    5.   At all times pertinent hereto defendant was bound by
22 a written collective bargaining agreement with the Sign, Display and
23 Allied Crafts Local Union No. 510, a labor organization in an industry
24 affecting commerce.  The aforesaid agreement provides that defendant
25 shall make contributions to the TRUST FUNDS on behalf of defendant's
26 employees on a regular basis on all hours worked, and that defendant
27 shall be bound to and abide by all the provisions of the respective
28 Agreement and Declarations of Trust of said TRUST FUNDS (hereinafter

the "Trust Agreements").

6. The Trust Funds rely upon a self reporting system. Defendant has unique knowledge of the amounts of contributions that it is liable to pay each month, and has a fiduciary obligation to accurately report the amount to the Trust Funds.

7. Defendant has breached both the provisions of the collective bargaining agreement and the Trust Agreements above referred to by failing to complete and send in monthly reports and/or to pay all moneys due thereunder on behalf of defendant's employees to the TRUST FUNDS. Said breach constitutes a violation of ERISA (29 U.S.C. 1002, et seq.) and of the National Labor Relations Act of 1947.

8. Defendant has failed and refused to pay in a timely manner since January 2007. Pursuant to the terms of the collective bargaining agreement there is now due, owing and unpaid from defendant to the TRUST FUNDS on account number 81212 a balance of contributions due for hours worked by covered employees for the months of January 2007 through February 2007 and liquidated damages and interest which are specifically provided for by said agreements. The total amount due is $43,448.73; additional monthly amounts will become due during the course of this litigation and in the interest of judicial economy, recovery of said sums will be sought in this case. Interest is due and owing on all principal amounts due and unpaid at the legal rate from the dates on which the principal amounts due accrued.

9. Demand has been made upon said defendant, but defendant has failed and refused to pay the amounts due the TRUST FUNDS or any part thereof; and there is still due, owing and unpaid from defendant the amounts set forth in Paragraph 8 above.

10. An actual controversy exists between plaintiffs and

defendant in that plaintiffs contend that plaintiffs are entitled to a timely monthly payment of trust fund contributions now and in the future pursuant to the collective bargaining agreement and the Trust Agreements, and defendant refuses to make such payments in a timely manner.

11. The Trust Funds do not at this time seek to audit the books and records of defendant. The only issue raised in this complaint is defendant's failure to complete and file voluntary monthly reports and pay the contributions due. The Trust Funds seek to obtain a judgment for any outstanding delinquent contributions based on defendant's reports and to reserve the right to audit defendant for this or any other unaudited period.

12. The Trust Agreements provide that, in the event suit is instituted to enforce payments due thereunder, the defendant shall pay court costs and reasonable attorneys' fee. It has been necessary for plaintiff to employ ERSKINE & TULLEY, A PROFESSIONAL CORPORATION, as attorneys to prosecute the within action, and reasonable attorneys' fee should be allowed by the Court on account of the employment by plaintiff of said attorneys.

WHEREFORE, plaintiffs pray:

1. That the Court render a judgment on behalf of plaintiffs for all contributions due and owing to the date of judgment based upon unaudited reporting forms, plus liquidated damages provided for by the contract, interest at the legal rate, reasonable attorneys' fees incurred in prosecuting this action and costs.

2. That the Court enjoin the defendant from violating the terms of the collective bargaining agreements and the Trust Agreements for the full period for which defendant is contractually bound to file

1  reports and pay contributions to the TRUST FUNDS.

2      3. That the Court reserve plaintiffs' contractual right to
3  audit defendant for months prior to judgment, and in the event of such
4  audit, collect any additional sums which may be due.

5      4. That the Court retain jurisdiction of this cause pending
6  compliance with its orders.

7      5. For such other and further relief as the Court deems
8  just and proper.

9  DATED: May 18, 2007        ERSKINE & TULLEY
                                        A PROFESSIONAL CORPORATION

                                By:/s/Michael J. Carroll
                                    Michael J. Carroll
                                    Attorneys for Plaintiffs

COMPLAINT
5